Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KERRY WALSH, on behalf of himself and all others similarly situated,<br><br>    Plaintiff(s),<br><br>-against-<br><br>ACCURATE COLLECTION SERVICES, LLC D/B/A ACCURATE COLLECTION SERVICES and JOHN DOES 1-25,<br><br>    Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1. The mailing addresses of the parties to this action are:

 KERRY WALSH
 456 Ryerson Road
 Lincoln Park, New Jersey 07035

 ACCURATE COLLECTION SERVICES, LLC D/B/A ACCURATE COLLECTION SERVICES
 17 Prospect Street
 Morristown, New Jersey 07960

## PRELIMINARY STATEMENT

2.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, ACCURATE COLLECTION SERVICES, LLC D/B/A ACCURATE COLLECTION SERVICES ("ACCURATE COLLECTION") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.  As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.  Plaintiff is a natural person, a resident of Morris County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.  ACCURATE COLLECTION maintains a location at 17 Prospect Street, Morristown, New Jersey 07960.

8. ACCURATE COLLECTION uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. ACCURATE COLLECTION is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from ACCURATE COLLECTION, in the form attached as Exhibit A, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA;

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to September 13, 2019, Plaintiff allegedly incurred a financial obligation to AHS HOSPITAL CORP. D/B/A CHILTON MEDICAL CENTER ("CHILTON MEDICAL CENTER").

19. The CHILTON MEDICAL CENTER obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the CHILTON MEDICAL CENTER obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The CHILTON MEDICAL CENTER obligation did not arise out of a transaction that was for non-personal use.

22. The CHILTON MEDICAL CENTER obligation did not arise out of a transaction that was for business use.

23. The CHILTON MEDICAL CENTER obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. CHILTON MEDICAL CENTER and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or before September 13, 2019, the CHILTON MEDICAL CENTER obligation was referred to ACCURATE COLLECTION for the purpose of collection.

26. At the time the CHILTON MEDICAL CENTER obligation was referred to ACCURATE COLLECTION the CHILTON MEDICAL CENTER obligation was past due.

27. At the time the CHILTON MEDICAL CENTER obligation was referred to ACCURATE COLLECTION the CHILTON MEDICAL CENTER obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28. Defendants caused to be delivered to Plaintiff a letter dated September 13, 2019, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29. The September 13, 2019 letter was sent to Plaintiff in connection with the collection of the CHILTON MEDICAL CENTER obligation.

30. The September 13, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. Upon receipt, Plaintiff read the September 13, 2019 letter.

32. The September 13, 2019 letter provided the following information regarding the balance claimed due on the CHILTON MEDICAL CENTER obligation:

TOTAL BALANCE DUE $3,399.14

33. The September 13, 2019 letter stated in part:

> This office represents AHS Hospital Corp., d/b/a Chilton Medical Center on the account(s) listed above.
> ...
>
> Please be further advised that if you do not pay the balance due on the above referenced account(s) or complete a financial assistance application within 35 days of the date of this correspondence, **we have been authorized by our client to refer this matter to a law firm for further collection. Once the referral occurs, the law firm may file a lawsuit against you seeking a judgment.  If a judgment is obtained, the law firm may also seek the court's permission to enforce the judgment.** (emphasis added)

34. The September 13, 2019 letter implies that ACCURATE COLLECTION, rather than the original creditor, would be making the decision as to whether to refer the debt to a law firm.

35. The September 13, 2019 letter implies that ACCURATE COLLECTION, rather than the original creditor, would be making the decision as to which law firm to refer matters.

36. ACCURATE COLLECTION routinely referred its matters (Plaintiff and others similarly situated) to a law firm.

37. The decision to refer matters (Plaintiff and others similarly situated) to a law firm was made by ACCURATE COLLECTION.

38. The September 13, 2019 letter implies that ACCURATE COLLECTION would be making decisions and controlling actions from that point forward, including referring matters (Plaintiff and others similarly situated) to a law firm.

39. ACCURATE COLLECTION's conduct and actions constitute the unauthorized practice of law.

40. It is a crime to engage in the unauthorized practice of law in New Jersey. See N.J.S.A. 2C:21-22.

41. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See Chulsky v. Hudson Law Offices, P.C., 777 F.Supp.2d 823 (D.N.J. 2011).

42. ACCURATE COLLECTION knew or should have known that its actions violated the FDCPA.

43. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

(c) Using unfair or unconscionable means to collect or attempt to collect any debt.

45. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

49. The September 13, 2019 letter would confuse the least sophisticated consumer as to which entity was making decisions and controlling actions with respect to the obligation – the collection agency or the original creditor.

50. Defendants' letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(5); and § 1692e(10).

51. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

52. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

53. Defendant falsely represented to Plaintiff that ACCURATE COLLECTION had the legal ability and authority to hire an attorney and to make decisions and control actions with respect to the CHILTON MEDICAL CENTER obligation once litigation began.

54. Defendant falsely implied that ACCURATE COLLECTION had the legal ability and authority to hire an attorney and to make decisions and control actions with respect to the CHILTON MEDICAL CENTER obligation once litigation began.

55. Defendants' conduct as described herein constitutes false, deceptive or misleading representations or means to collect or attempt to collect any debt.

56. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

57. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

58. Defendant violated 15 U.S.C. § 1692e(5) as it did not have the legal ability or authority to take the actions it threatened to take.

59. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt in violation of New Jersey law.

60. Defendants' conduct as described herein constitutes violations of 15 U.S.C. § 1692e(5).

61. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

62. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

63. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

64. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

65. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

66. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 19, 2019

Respectfully submitted,

By: *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

### CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 19, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff